**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HILTON I. HALE & ASSOCIATES,** | : | |
| **LLC,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:10-CV-920** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge Abel** |
| | : | |
| | : | |
| **KEN GAEBLER, INDIVIDUALLY** | : | |
| **AND D/B/A GAEBLER VENTURES,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**ORDER AND OPINION**

**I. INTRODUCTION**

This matter is currently before the Court on Defendants Ken Gaebler and Gaebler

Ventures' (collectively, the "Defendants") Motion to Dismiss. (Doc. 12-1).  The Defendants

move to dismiss Plaintiff Hilton I. Hale & Associates, LLC's Complaint. (Doc. 2). For the

reasons set forth below, the Defendants' Motion to Dismiss is **GRANTED**.

**II. BACKGROUND**

The Plaintiff alleges that the Defendants published information on the website

http://www.gaebler.com that detailed the terms and conditions of a Small Business

Administration loan the Plaintiff received. The Plaintiff claims that the release of this

information placed its business in a false light. (Doc. 2, p. 5). On July 26, 2010, the Plaintiff

requested that the Defendants remove the information from the website and pay $100,000 within

thirty days to compensate for the injury the information disclosure caused. (Doc. 2, p. 4). The

Defendants have since removed the information from the website, but they have not responded to

the Plaintiff's demand for compensation. *Id*. In its Complaint filed on October 13, 2010, the

Plaintiff brings claims for invasion of privacy, business endangerment, personal endangerment,

and emotional distress and mental anguish and seeks compensation from the Defendant for these

alleged injuries. (Doc. 2, p. 7). On December 3, 2010 the Defendants filed this Motion to

Dismiss. (Doc. 12). On December 16, 2010, the Plaintiff filed a Response to the Motion. (Doc.

13). This matter is currently before the Court.

### III. LAW AND ANALYSIS

In their Motion to Dismiss, the Defendants assert that as a threshold issue, the Plaintiff, a

limited liability corporation, cannot appear before the Court *pro se*. (Doc. 12-1, p.3). In the

Response to the Defendants' motion, Hilton Hale, who claims to be the sole member of Hilton I.

Hale & Associates, LLC, argues that he should be entitled to proceed *pro se*.

A corporation, however, cannot appear in federal court except through an attorney.

*Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993); *Miller, et al. v. Fin.*

*Recovery Center, Inc.*, 2010 U.S. Dist. LEXIS 95076, at *1 (S.D. Ohio August 26, 2010) (*citing*

*Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)). Courts have recognized

that the rationale for that rule applies equally to all artificial entities. 506 U.S. at 202.  Except for

a few aberrant cases, courts have held that corporations, partnerships, and associations are all

artificial entities and must appear in federal court through a licensed attorney. *Id.* This Court,

therefore, finds that a limited liability corporation is another example of an artificial entity that

should retain legal counsel before appearing in federal court. Thus, Hilton I. Hale & Associates,

LLC, the named plaintiff to this action, must have an attorney to proceed with its complaint.

Furthermore, it is insufficient that the person attempting to represent a corporation is an officer

of the corporation. *Miller, et al. v. Fin. Recovery Center, Inc.*, 2010 U.S. Dist. LEXIS 95076, at

*1 (S.D. Ohio August 26, 2010) (*citing Reich v. Pierce*, 45 F.3d 431, n.1 (6th Cir. 1994)). Hilton

Hale, therefore, even if he is the sole member of Hilton I. Hale & Associates, LLC, is also barred

from appearing *pro se* before this Court as a representative of Hilton I. Hale & Associates, LLC .

## IV. CONCLUSION

For the aforementioned reasons, the Defendants' Motion to Dismiss is **GRANTED**, and

the Plaintiff is instructed to file this complaint again after retaining legal counsel.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　 s/Algenon L. Marbley
　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

**Dated: January 28, 2011**